# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN INSURANCE COMPANY, a corporation,<br><br>                         Plaintiff,<br><br>  vs.<br><br><br>WASTEQUIP MANUFACTURING COMPANY, LLC, and DOES 1-10, inclusive,<br><br>                        Defendants. | CASE NO. 12-CV-00845-H-BGS<br><br>**ORDER:**<br><br>**(1) REMANDING CASE TO STATE COURT;**<br><br>**AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION** |

On April 5, 2012, Defendant Wastequip Manufacturing Company, LLC ("Defendant Wastequip") removed this matter to federal court based on diversity jurisdiction. (Doc. No. 1.) On May 4, 2012, Plaintiff Southern Insurance Company ("Plaintiff") filed a motion to remand to state court. (Doc. No. 8.) On May 25, 2012, Plaintiff filed a motion to amend the complaint to join a new, non-diverse defendant, AC-DC Transport. (Doc. No. 12.) On May 30, 2012, Plaintiff and Defendant Wastequip filed a joint motion to dismiss Defendant Wastequip. (Doc. No. 14.) On May 31, 2012, the Court granted the joint motion to dismiss Defendant Wastequip without prejudice, leaving only unnamed does as defendants in the case. (Doc. No. 15.)

1  On June 22, 2012, Plaintiff Southern Insurance Company filed a motion for relief from the Court's May 31, 2012 order granting the parties' joint motion to dismiss the sole-named Defendant Wastequip without prejudice.  (Doc. No. 20.)  The Court held a hearing on the matter on Friday, July 13, 2012. Pamela Wilson appeared on behalf of Plaintiff, and Richard Haber appeared on behalf of Defendant Wastequip.  For the following reasons, the Court remands the case to the Superior Court of California, County of San Diego; concludes Plaintiff's motion to amend the complaint to add as a defendant AC/DC Transport is moot in federal court; and denies Plaintiff's motion for relief from the Court's order granting the parties' joint motion to dismiss Defendant Wastequip without prejudice.

**Discussion**

Federal courts are courts of limited jurisdiction. <u>United States v. Mark</u>, 530 F.3d 799, 810 (9th Cir. 2008).  "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998).

The Court concludes that because only Plaintiff and doe defendants remain as parties to the action, the Court lacks subject matter jurisdiction over the case. Accordingly, the Court remands <u>Southern Insurance Company v. Does 1-10</u> to the Superior Court of California, County of San Diego.  The Court concludes that this achieves the results that Plaintiff requested in its motion for relief from judgment because it provides Plaintiff the opportunity to pursue its motion to amend the complaint to add as a defendant AC/DC Transport and may provide Plaintiff use of the relation-back doctrine.

Additionally, the Court concludes that Plaintiff's pending motion to amend the complaint to add as a defendant AC/DC Transport is moot in federal court based on the Court's remand of the case. Here, Plaintiff's main interest is to add AC/DC Transport as a defendant to the case. However, the Court declines to add a new, non-diverse doe defendant ex parte. (Doc. No. 20.)  Such action would be an exercise in futility. The state court may later rule on the motion to amend, if appropriate. Nevertheless, the Court concludes that Plaintiff's motion

to amend is moot in federal court. (Doc. No. 12.)

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial;
> (3) fraud, misrepresentation, or misconduct by the opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged, is based on an earlier judgment that has been reversed or vacated, or is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Under these circumstances, the Court declines to grant Plaintiff's motion for relief from the Court's order granting the parties' joint motion to dismiss. Here, the parties, including Plaintiff, filed a joint motion to dismiss without prejudice sole Defendant Wastequip from the case. (Doc. No. 20.) Plaintiff does not argue that the motion filing was the result of a clerical error or mistake. (See Doc. No. 20.) Further, the Court did not err in granting the motion. Therefore, to the extent that Plaintiff argues that the Court should add Defendant Wastequip back into the matter, the Court, in the exercise of its discretion, declines to do so.

///
///
///
///
///
///
///
///
///

**Conclusion**

For the foregoing reasons, the Court remands the case to the Superior Court of California, County of San Diego, concludes Plaintiff's pending motion to amend the complaint is moot in federal court, and denies Plaintiff's motion for relief from the Court's May 31, 2012 order granting the parties' joint motion to dismiss Defendant Wastequip without prejudice.

**IT IS SO ORDERED.**

DATED: July 13, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT